UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY LEE MOURNING,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden, et. al.,<br><br>　　　　　　　　　　Respondent. | Case No.: 20-cv-0786 WQH (NLS)<br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 1] |

I.   **INTRODUCTION**

Petitioner Jeffery Lee Mourning ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the sentence accompanying his San Diego Superior Court conviction for violations of California Penal Code section 594(a)(b)(1), vandalism, and California Vehicle Code section 23110(b), throwing a substance at a vehicle with the intent to inflict great bodily injury, in case SCD 277656. (ECF No. 1 at 1–2; ECF No. 12.)  Respondent filed an answer, arguing that Petitioner's claim is not cognizable and moot, and lodged the court records. (ECF No. 12; ECF No. 13 ("Lodgment").)  Petitioner had the opportunity to file a traverse by October 7, 2020, (ECF No. 17 at 1) but has failed to do so.  After reviewing the parties' submissions and the lodgments, and for the reasons discussed below, the

Court **RECOMMENDS** the Petition be **DENIED**.

## II.    FACTUAL BACKGROUND

On or about July 15, 2018, Petitioner threw a rock at a vehicle with the intent to cause great bodily injury to an occupant of that vehicle and caused over $400 in damage to real personal property that was not his own.[1]  (Lodgment No. 1 at 70.)

## III.   PROCEDURAL BACKGROUND

### A.    Trial Court Proceedings

The San Diego County District Attorney's Office filed a complaint against Petitioner on July 18, 2018.  (Lodgment No. 1 at 3, 8–12.)  Petitioner was charged with two counts of vandalism over $400 and two counts of throwing a substance at a vehicle with the intent to do great bodily injury to an occupant of the vehicle.  (*Id.* at 8–9; Cal. Penal Code § 594 (a)(b)(1); Cal. Veh. Code § 23110(b).)  The prosecution also alleged two prison priors within California Penal Code sections 667.5(b) and 668.  (Lodgment No. 1 at 11.)

After plea negotiations, Petitioner pled guilty on March 8, 2019, to one count of vandalism over $400 and one count of throwing a rock at a vehicle with the intent to do great bodily injury to an occupant of the vehicle.  (*Id.* at 68, 155.)  Petitioner also admitted his prior burglary conviction from November 4, 2013.  (*Id.* at 68.)  The prior conviction added a one-year enhancement to the stipulated three-year sentence, making Petitioner's total state prison sentence four years.  (*Id.* at 102, 157.)  The court sentenced petitioner on April 5, 2019.  (*Id.* at 105.)  The court suspended the execution of Petitioner's prison sentence for three years, granting Petitioner formal probation.  (*Id.* at 102.)  Petitioner waived good conduct credits under California Penal Code section 4019, and the court ordered Petitioner to spend 365 days in a residential treatment program as a condition of probation.  (*Id.* at 102, 157.)

On July 5, 2019, the court revoked and reinstated Petitioner's probation after

---

[1] These facts come from the factual basis of Petitioner's plea.

Petitioner failed to report to and complete a residential treatment program. (Lodgment No. 4 [RT Vol. 8 of 8] at 1103–04; *see also* Lodgment No. 2 at 25.) The court revoked Petitioner's probation again on October 4, 2019. (Lodgment No. 2 at 26.) Petitioner admitted his probation violation on October 25, 2019, and the court imposed the four-year state prison sentence. (*Id.* at 27.)

### B.   Direct Appeal

Petitioner directly appealed his sentence to the California Court of Appeal, arguing that the Court of Appeal should strike the one-year prison prior enhancement. (Lodgment No. 5 at 8.) Petitioner claimed Senate Bill 136, which amended California Penal Code section 667.5(b) and eliminated one-year prison prior enhancements except for sexually violent offenses, applies retroactively. (*Id.* at 8–9; Cal. Penal Code § 667.5(b); S.B. 136, 2019 Leg., 2019-2020 Sess. (Cal. 2019) (as chaptered).)

The State of California conceded that the one-year enhancement should be stricken; however, Respondents asked the Court of Appeal to remand the case for resentencing because the trial court could have imposed consecutive sentences. (Lodgment No. 6 at 6.) Petitioner submitted a reply brief, claiming that remand for resentencing was not appropriate in this case. (Lodgment No. 7 at 5–13.)

In an unpublished opinion, the Court of Appeal struck the one-year prison prior enhancement and affirmed the remaining three-year custodial term. (Lodgment No. 8 at 4.) The Court did not remand the case for resentencing, recognizing that the lower court had the ability to consider the dismissed counts in its decision of concurrent or consecutive sentences. (*Id.* at 3–4.)

Unsatisfied with the Court of Appeal decision, Petitioner filed a subsequent extraordinary writ to the Supreme Court of California on April 9, 2020. (Lodgment No. 9.) Petitioner essentially asserted that the State's request to remand the case for resentencing violated double jeopardy and equal protection. (*Id.*) Petitioner also alleged that the Court of Appeal did not have jurisdiction to amend his sentence, and the executive branch should have issued a directive to the California Department of

1 | Corrections and Rehabilitation to strike the one-year enhancement.  (*Id.*)

2 | The Supreme Court of California denied Petitioner's extraordinary writ because Petitioner did not identify how he was entitled to remaining relief not granted by the Court of Appeal.  (Lodgment No. 10.)

### C. Federal Habeas Proceedings

On April 27, 2020, Petitioner filed the instant federal petition for writ of habeas corpus in this Court while in custody at Ironwood State Prison.  (ECF No. 1 at 1.)  However, Petitioner was since released from state prison on July 20, 2020, and remains under the supervision of the San Diego County Probation Department until July 20, 2021.  (ECF No. 19 at 1.)

## IV. DISCUSSION

A federal habeas petition provides an avenue for individuals in custody pursuant to a state court judgment to contest the legality of the custody.  28 U.S.C. § 2254(a).  Thus, an individual seeking relief must be both in custody and allege that the custody is illegal.  *Id.*

### A. Petitioner Remains in Custody

While an individual must be in custody at the time the petition is filed, federal courts retain jurisdiction even when a petitioner is released from physical incarceration.  *See Carafas v. LaVallee*, 391 U.S. 234, 237–239 (1968) (holding that although petitioner's parole had expired while seeking appellate review, consequences of the conviction remained and federal courts retained jurisdiction to adjudicate the habeas petition on the merits); *Jones v. Cunningham*, 371 U.S. 236, 242–243 (1963).  In *Jones*, the petitioner was released to the Virginia Parole Board's supervision after filing a petition for the writ of habeas corpus.  371 U.S. at 237.  The Court held that the petitioner remained in custody, and the district court retained jurisdiction to adjudicate the habeas petition. *Id.* at 243.  The Court reasoned that although petitioner was no longer physically incarcerated, his parole significantly limited his liberty. *Id.* at 242–43.  Thus, the petitioner's claim was not moot, and he could continue seeking a decision on the

merits. *Id.* at 244.

Here, Petitioner remains in custody within the meaning of § 2254(a) because he filed the instant petition while physically incarcerated at Ironwood State Prison. (ECF No. 1 at 1.) California subsequently released Petitioner from physical custody; however, he remains under the supervision of the San Diego County Probation Department until July 2021. (ECF No. 19 at 1.) Presumably, Petitioner is subject to liberty restrictions like typical parole requirements. Thus, like the individual in *Jones*, this Court has jurisdiction to adjudicate the petition on the merits.

## B. Petitioner Does Not Contest the Legality of the Custody

Furthermore, a federal habeas petition must contest the legality of the custody pursuant to a state court judgment. 28 U.S.C. § 2254(a). In other words, individuals seeking relief under 28 U.S.C. § 2254 must allege that they are being illegally held in custody. *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

In this federal habeas petition, Petitioner raises four claims for relief. (ECF No. 1 at 6–9.) While Petitioner uses different wording for each of his claims, all four essentially allege that Respondent's request to remand the case for resentencing in the California Court of Appeal violated double jeopardy, due process, and equal protection.[2] (*See id.*) However, Respondent conceded that Petitioner was entitled to relief for the one-year enhancement, and the Court of Appeal granted Petitioner relief while denying Respondent's request to remand the case. (Lodgment No. 6 at 6; Lodgment No. 8 at 3–4.) Thus, Petitioners remaining sentence is the three-year base term. (Lodgment No. 2 at 27.)

Petitioner "does not attack the validity or legality of the three-year base term in any

---

[2] Petitioner basically poses a question for ground two: this petition "simply acts as a petition on the question of double jeopardy requested by the state after conceding that I should benefit from SB 136 but be remanded for possible consecutive terms[, which] the district attorney agreed in a negotiated contractual plea would be fully concurrent." (ECF No. 1 at 7 (ground two) (original capitalization omitted).) Petitioner states that he does not want his sentence to be subject to reevaluation because the "base-term is final for all intents and purposes and cannot be revisited." (*Id.*)

way[.]"  (*See* ECF No. 1 at 7 (ground two) (original capitalization omitted).)  Petitioner also does not contest any factual issues.  (*See id.* at 6–9.)  Instead, Petitioner attacks Respondent's remand request, which was resolved by the Court of Appeal.[3]  (*See id.*; Lodgment No. 8 at 3–4.)  Thus, Petitioner does not have a cognizable claim contesting the legality of his custody for which this Court can grant Petitioner relief under § 2254.

Accordingly, for the foregoing reasons, the Court recommends that Petitioner's habeas petition be **DENIED**.

## VI.    CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.  In addition, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **November 20, 2020**.  The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//
//

---

[3] In ground four, Petitioner claims that Respondent's request for remand in the Court of Appeal "creates the very real potential for and [sic] entire class of similarly situated defendants to be subjected to double jeopardy and false imprisonment."  (ECF No. 1 at 9 (ground four) (original capitalization omitted).)  Petitioner alleges Respondents "are attempting … to eradicate SB 136 & AB 1618 . . . ."  (*Id.*)  However, this is not a class action lawsuit, so the Court of Appeal's decision not to remand the case for resentencing resolves these concerns in the instant Petition because Petitioner's base term will not be subject to further modification.  (*See* ECF No. 9.)

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **December 4, 2020**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated:  November 6, 2020

Hon. Nita L. Stormes
United States Magistrate Judge